OCEANIC TRADING CO. *v.* UNITED STATES

**No. 5163.**—Invoices dated Tokio, Japan, December 29, 1937, etc.
Certified December 30, 1937, etc.
Entered at New York February 1, 1938, etc.
Entry Nos. 810424, etc.

(Decided March 12, 1941)

*Siegel & Mandell* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court,

1) That the rayon wearing apparel, and rayon footwear which is not subject to T. D. 46158, from Japan, covered by the appeals enumerated in the attached schedule are of the same character and description as those covered by the decision in *United States* v. *Nippon Dry Goods Co.*, Reappt. Dec. 5006, affirming Reappt. Dec. 4704, and which were appraised on the same basis, the issue herein being the same as the issue in the above-named cases, and that the record in that case may be incorporated herein.

2) That the appraised values of the rayon wearing apparel, and rayon footwear which is not subject to T. D. 46158, from Japan, covered by the appeals listed in the attached schedule, less any additions made by the importer by reason of the so-called Japanese consumption tax, represent the export values of such merchandise under the decision above stated, and that there were no higher foreign values at the time of exportation thereof.

Accepting this stipulation as a statement of fact I find and hold the proper dutiable export value of the rayon wearing apparel and the rayon footwear on the invoices covered by said appeals to be the value found by the appraiser, less any amount added by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.